IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RITA MILES                                                                                       PLAINTIFFS

   v.                                        No.  5:06-cv-5162-RTD

WAL-MART STORES, INC., et al                                                       DEFENDANTS

## ORDER

Before the court is the Plaintiff's Motion to Compel (Doc. 12) and Memorandum Brief (Doc. 13) filed May 22, 2007 and the Defendant's Response (Doc. 17) and Memorandum Brief (Doc. 77) filed June 6, 2007. The matter has been referred to the undersigned for disposition by Order (Doc. 14) entered May 23, 2007.  A hearing was conducted on June 22, 2007.

Background:

The plaintiff claims damages against the defendant for violation of the Sarbanes-Oxley Act seeking compensatory damages, reinstatement, back pay, damages for repudiational injury, loss of future earnings capacity, costs and fees.

The issue concerned whether documents, once scanned into a data base, were to be preserved because of government subpoenas.  The plaintiff contends that she, or members of her team, was given instructions to shred sensitive documents and she objected.  Plaintiff subsequently notified the United States Attorney's office of her concern and she contends that she suffered retaliation as a result.  The Plaintiff filed Interrogatories and Request for Production and the Defendant has filed Objections.

Discussion:

It is well-established that the scope and conduct of discovery are within the sound

discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).The rule vests the district court with discretion to limit discovery if it determines, inter alia, the burden or expense of the proposed discovery outweighs its likely benefit. Id. See also Fed.R.Civ.P. 45© (authorizing the court to ensure a party responsible for the issuance and service of a subpoena takes reasonable steps to avoid imposing "undue burden or expense" on a person subject to a subpoena). *Roberts v. Shawnee Mission Ford, Inc*. 352 F.3d 358, *361 (C.A.8 (Mo.),2003)

Blanket objections, however, are specifically prohibited in this district. LOCAL RULE 33.1(b) states:

> A blanket objection to a set of interrogatories, requests for admissions, or requests for production will not be recognized. Objections must be made to the specific interrogatory or request, or to a part thereof if it is compound. It is not sufficient to state that the interrogatory or request is burdensome, improper, or not relevant. The ground or grounds for the objection must be stated with particularity.

Conclusions:

To the extent that Wal-Mart has made blanket objections those objections will be stricken and not considered by the court but the court does find that Wal-Mart has made other specific objections which were made in conjunction with the blanket objections.  The court does not find that the Defendant has waived the attorney-client privilege and the Defendant has in fact

produced a privilege log. (Doc. 17, Exhibit 2) The court further finds that the parties have attempted in good faith to resolve the discovery dispute.

The Plaintiffs first Request for Production No. 1: A copy of the e-mail from Bob DeMoss on or about May 24, 2005, informing members of the Labor Relations Team, or others at Wal-Mart, that there was a U.S. Attorney subpoena.  The parties have agreed that the Defendant has responded to this request and that this issue is MOOT.

Interrogatory No. 2: Please state the name, address, telephone number, and occupation of any person having, or likely to have, information relevant to any claims or allegation in plaintiff's Complaint or any defenses Wal-Mart claims.  Also please state the subject(s) of the information of which each such person has, or likely has, knowledge.  The parties have agreed that the Defendant has responded or will respond to this request and that the issue is MOOT.

Privilege Log: The court will order that the any document listed on the privilege log which were sent to or authored by the Plaintiff shall be forwarded to the Plaintiff within ten days under a protective order to be agreed on by the parties.

The Court further finds that the cursory language set forth in the privilege log is insufficient to establish a privilege and the court will order that the Defendant shall supply to the Plaintiff affidavits that sufficiently detail the privilege claimed on each of the documents listed on the privilege log within ten days.  Should the parties be unable to agree that a document is privileged the documents shall be tendered to the court within fourteen days for an in camera review to determine if a privilege does exist.

Each party shall be responsible for their own costs.

IT IS SO ORDERED this 25th day of June 2007.

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge