IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RITA MILES                                                                                            PLAINTIFFS

  v.                                            No. 5:06-cv-5162-RTD

WAL-MART STORES, INC., et al                                                        DEFENDANTS

## ORDER

Before the court is the Defendant's Motion for Protective Order (Doc. 28) and Memorandum Brief (Doc. 29) filed June 29, 2007 and the Plaintiff's Response (Doc. 31) and Memorandum Brief (Doc. 32) filed July 13, 2007. The matter has been referred to the undersigned for disposition by Order (Doc. 30) entered July 2, 2007.

Background:

The plaintiff claims damages against the defendant for violation of the Sarbanes-Oxley Act seeking compensatory damages, reinstatement, back pay, damages for loss of future earnings capacity, costs and fees.

The Plaintiff is seeking to take the deposition of President and Chief Executive Officer of Wal-Mart, Lee Scott, and Executive Vice President and Corporate Secretary, Tom Hyde, who at the time of the events giving rise to this lawsuit oversaw the Wal-Mart's Legal Department. Wal-Mart brings this Motion pursuant to Federal Rule of Civil Procedure 26 © on the grounds that the depositions of H. Lee Scott and Thomas Hyde would cause "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26©.

This case centers around the Department of Justice investigation of the ex President and CEO of Wal-Mart. Plaintiff notified the F.B.I. that Wal-Mart was conducting a shredding

operation of pertinent documents and, as a result, the Department of Justice conducted a search of Wal-Mart's home office. The Plaintiff contends that on the weekend after Wal-Mart's offices were raided, the U.S. Attorney, members of his staff, and F.B.I. agents met with and asked for full cooperation with the Coughlin investigation from H. Lee Scott and Tom Hyde.

The Plaintiff contends that as a result of her action Wal-Mart did "step up intimidation tactics against Plaintiff, and otherwise retaliate with psychological harassment, physical harassment, damage to her personal property and giving her undeserved low evaluation scores". (Doc. 1, page 4-5)

The Defendant seeks a Protective Order with regard to the notices duces tecum served upon it by the Plaintiff concerning the testimony of Mr. Scott and Mr. Hyde.

Discussion:

It is well-established that the scope and conduct of discovery are within the sound discretion of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir.1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." Fed.R.Civ.P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[ ] reasonably calculated to lead to the discovery of admissible evidence." See id; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E.D.Pa.1996).

Fed.R.Civ.P. 26© provides that the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to

show good cause for it. *Reed v. Bennett*, 193 F.R.D. 689, 691 (D.Kan.2000). *General Dynamics Corp. v. Selb Mfg. Co.* 481 F.2d 1204, *1212 (C.A.1973)To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, Case No. 01-2009, 2002 WL 922082, at *1 (D.Kan. May 2, 2002) (quotations and citations omitted). General Dynamics Corp. v. Selb Mfg. Co., Id

While the Court may grant a protective order prohibiting the taking of a deposition when it believes that the information sought is wholly irrelevant to the issues in the case, the normal practice of this Court (10th Circuit) is to deny motions that seek to entirely bar the taking of a deposition. *Horsewood v. Kids* "R" Us, Case No. 97-2441, 1998 WL 526589, at *5 (D.Kan. Aug. 13, 1998). *Van Den Eng v. Coleman Co., Inc.* 2005 WL 3776352, *2 (D.Kan.) (D.Kan.,2005)

The court certainly recognizes that taking depositions of high level corporate employees has the potential for abuse and that the court should be attune to that potential. *Folwell v. Hernandez*, 210 F.R.D. 169, 173 (M.D.N.C. 2002) There has been no showing that the Plaintiff has abused the discovery process or has not sought or been willing to accommodate the witnesses.

The Court rejects Wal-Mart's assertion that high-level corporate executives ("Apex Officials") cannot be deposed unless the party seeking the deposition can show that (1) the executive has unique or special knowledge of the facts at issue and (2) the seeking party has exhausted other less burdensome avenues for obtaining the information sought. The Defendant seeks to put the burden on the Plaintiff to show why the deposition should be taken as opposed to the burden being on the Defendant to show why it should not.  Court does not believe that the burden rest with the Plaintiff and in the cases cited by the Defendant, almost invariably, the

Defendant had produced affidavits to show that the witness did not have specific knowledge about the facts relating to the lawsuit.

All of the behavior that underlies this cause of action originated at the very top of the chain of command in one of the largest corporations in the world. It is certainly reasonable to the court to believe that very high level employees could have pertinent information concerning the Plaintiff's claim arising out of a "whistleblowing" incident which involved the highest corporate executive employed by the Defendant. This is not to say that the Plaintiff may order the witnesses to be produced without reasonable accommodation to their busy schedules, or that preliminary discovery may make the matter moot but the Defendant's blanket assertion that the Plaintiff should have no access to these witnesses is incorrect.

Conclusion:

The Motion for Protective Order is DENIED but the Court will direct that the depositions of these two witnesses shall come later in the discovery process, rather than sooner, in the hope that the necessity for one or both depositions may become moot.

IT IS SO ORDERED this 17th day of July 2007.

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge