IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**RITA MILLS**                                                                                      **PLAINTIFF**

VS.                                            **CASE NO. 06-5162**

**WAL-MART STORES, INC.**                                                   **DEFENDANT**

### ORDER

Before the court is the Defendant, Wal-mart's, Motion to Reconsider the Court's Order Denying the Defendant's Motion for Protective Order. (Doc. # 37, 33, 28). The Defendant filed a brief on July 30, 2007. (Doc. # 28). Attached to the brief were two affidavits, one of H. Lee Scott and the other of Thomas Hyde. (Doc. 38, Attachments 2 & 3). The Plaintiff filed a response on August 2, 2007, and the Defendant filed a reply on August 3, 2007. (Doc. # 43, 46). A hearing was conducted on August 2, 2007.

**Background**:

This case centers around the Department of Justice's investigation of the ex President and Chief Executive Officer of Wal-Mart, Mr. Coughlin. Plaintiff notified the FBI that Wal-Mart was conducting a shredding operation of pertinent documents and, as a result, the Department of Justice conducted a search of Wal-Mart's home office. The Plaintiff contends that, as a result of her action, Wal-Mart did "step up intimidation tactics against Plaintiff, and otherwise retaliate with psychological harassment, physical harassment, damage to her personal property, and giving her undeserved low evaluation scores." (Doc. # 1, page 4-5).

The Plaintiff claims damages against the Defendant for violation of the Sarbanes-Oxley Act seeking compensatory damages, reinstatement, back pay, damages for loss of future earnings capacity, costs, and fees.

The Plaintiff is now seeking to take the deposition of the current President and Chief Executive Officer of Wal-Mart, Mr. H. Lee Scott, and Executive Vice President and Corporate Secretary, Mr. Thomas Hyde, who at the time of the events giving rise to this lawsuit oversaw Wal-Mart's Legal Department.

Wal-Mart brings its motion for protective order pursuant to Federal Rule of Civil Procedure 27(c), on the grounds that the depositions of Mr. Scott and Mr. Hyde would cause "annoyance, embarrassment, oppression, or undue burden and expense." FED. R. CIV. P. 26(c). Further, Wal-Mart contends that the "apex deposition" doctrine serves to shield Mr. Hyde and Mr. Scott from being deposed by Plaintiff. The "apex doctrine" protects high-level corporate officials from deposition unless (1) the executive has unique or special knowledge of the facts at issue and (2) other less burdensome avenues for obtaining the information sought have been exhausted. *See Van Den Eng v. Coleman Co., Inc.*, 2005 WL 3776352, at *2 (D. Kan. 2005). However, after revisiting this issue, the court does not believe that the "apex deposition" doctrine applies in this case.

**Discussion:**

The Defendant seeks a Protective Order with regard to the subpoenas duces tecum served upon it by the Plaintiff concerning the testimony of Mr. Scott and Mr. Hyde. The court initially denied the Motion for Protective Order and the Defendant has asked the court to reconsider its decision and with said Motion has filed the affidavits of Mr. Scott and Mr. Hyde.

It is well-established that the scope and conduct of discovery is within the sound discovery of the trial court. *Marroquin-Manriques v. Immigration and Naturalization Serv.*, 699 F.2d 129, 134 (3d Cir. 1983). The Federal Rules of Civil Procedure permit discovery of "any matter, not privileged, that is relevant to the claim or defense of any party." FED. R. CIV. P. 26(b)(1). Discovery is not limited solely to admissible evidence but encompasses matters which "appear[] reasonably

calculated to lead to the discovery of admissible evidence." *See id.*; *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Relevance is construed broadly and determined in relation to the facts and circumstances of each case." *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 406, 407 (E. D. Pa 1996).

Federal Rule of Civil Procedure 26(c) provides that the Court may, upon a showing of good cause, "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." However, the party seeking a protective order has the burden to show good cause for it. *Reed v. Bennett*, 193 F.R.D. 689, 691 (D.Kan.2000). *General Dynamics Corp. v. Selb Mfg. Co.* 481 F.2d 1204, 1212 (C. A. 1973).  To establish good cause, that party must make "a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Pepsi-Cola Bottling Co. of Pittsburgh, Inc. v. Pepsico, Inc.*, Case No. 01-2009, 2002 WL 922082, at *1 (D.Kan. May 2, 2002) (quotations and citations omitted); *General Dynamics Corp.*, 481 F.2d at 1212.

The Defendant has now produced the affidavits of Mr. Hyde and Mr. Scott. These affidavits acknowledge that the investigation of Mr. Coughlin was instituted by Mr. Scott, (Doc. # 38, Attachment 2, para. 4) and that Mr. Hyde was aware of the ongoing investigation. (Doc. # 38, Attachment 3, para. 4). Mr. Hyde stated that he "did recall giving instructions that steps be taken to ensure that documents related to the government's investigation were not to be shredded." (Doc. # 38, Exhibit C, page 2). He does not, however, state who he gave these instructions to or what the consequences of an employee's failure to follow these instructions would be.

Mr. Scott also stated that he was aware that a report was made of the potential shredding of documents related to the investigation. (Doc. # 38, Exhibit B, page 2). In addition, he acknowledged, that he was aware that others were addressing this issue. However, Mr. Scott fails

to state who was addressing the potential shredding issue and what steps were taken to address the issue.

In her response, the Plaintiff asserts that she received an email from Bob DeMoss on May 24, 2005, stating that "we were officially under a U. S. Attorney subpoena stating that we were not to get rid of any documentation, whether it was electronic documentation or it was documentation that we actually had physically in our possession." When she refused to destroy documents under her control, she had a face-to-face meeting with Bob DeMoss, during which he countermanded his prior email and advised her it was permissible to destroy the documents after they had been scanned. (Doc. # 38, Attachment 1, page 4-5).

Clearly, the decision not to shred documents, how that decision was disseminated to Wal-Mart employees, and the potential shredding of documents contrary to that decision may have a nexus to Plaintiff's claim that she was retaliated against for reporting the shredding incident to law enforcement. Therefore, both Mr. Hyde and Mr. Scott have information relevant to plaintiff's claim.

We note that the test under Rule 26 is not whether a putative deponent had personal involvement in an event, or even whether they have "direct" knowledge of the event, but whether the witness may have information from whatever source that is relevant to a claim or defense. FED. R. CIV. P. 26. It is clear that Mr. Scott and Mr. Hyde **may** have relevant information concerning the process that went into the decision not to shred the documents and their opinion concerning how the cooperation with the investigation was handled by their employees. As these deponents may have personal information concerning the investigation surrounding the possible shredding of documents relevant to the Coughlin case, the Court finds that these depositions clearly fall outside the realm of the "apex deposition" doctrine.

**Conclusion**:

The Motion to Reconsider is DENIED but, since no depositions have been taken, the Court will direct that the Plaintiff shall petition the court prior to noticing either Mr. Scott or Mr. Hyde for their deposition.

IT IS SO ORDERED the 7th day of August 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE