IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


RITA MILES                                                    PLAINTIFF


        v.                          CIVIL NO. 06-5162


WAL-MART STORES, INC.                                         DEFENDANT


## MEMORANDUM OPINION

On June 25, 2007, defendant was ordered to supply to plaintiff affidavits that sufficiently detail the privilege claimed on each of the documents listed on the privilege log within ten days. (Doc. # 27, p.3). If the parties were unable to agree that a document was privileged, the documents in question were to be tendered to the court for an *in camera* review to determine if a privilege existed. Defendant contends that the documents listed on the privilege log that were not shared with plaintiff were protected from disclosure on the basis of attorney/client privilege and/or the work-product doctrine.

The court assumes familiarity with this case and will proceed directly to a review of the documents in question.

## Discussion:

The attorney-client privilege protects the confidentiality of communications between attorney and client made for the purpose of obtaining legal advice.  To invoke the privilege, a party must demonstrate that there was:  (1) a communication between client and counsel, which (2) was intended to be and was in fact kept confidential, and (3) made for the purpose of

AO72A
(Rev. 8/82)

obtaining or providing legal advice. *Fisher v. United States*, 425 U.S. 391, 403, 96 S. Ct. 1569, 48 L. Ed. 2d 39 (1976).

A corporation may claim the privilege for communications between its counsel and its employees who have authority to act on its behalf. *Diversified Indus., Inc. v. Meredith*, 572 F.2d 596, 599 (8th Cir. 1977). *See also Upjohn Co. v. United States*, 449 U.S. 383, 396-97, 101 S. Ct. 677, 686, 66 L. Ed. 2d 584 (1981). The law allows a corporation to circulate attorney communications to a limited group of individuals who have a need to know. The original attorney to client communication will remain privileged. *See e.g., Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 863 (D.C. Cir. 1980).

With respect to trial preparation materials, Rule 26(b)(3) of the Federal Rules of Civil Procedure provides as follows:

> Trial Preparation: Materials. Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Fed. R. Civ. P. 26(b)(3).

The work product privilege is "distinct from and broader than the attorney-client privilege." *In re Green Grand Jury Proceedings, ---F.3d ---, 2007* WL 1949269, *2 (8th Cir. 2007) (citation omitted) (quotation omitted). While the purpose of the attorney-client privilege

2

"is to encourage clients to make a full disclosure of all favorable and unfavorable facts to their legal counsel," *In re Murphy,* 560 F.2d 326, 337 (8th Cir. 1977), the work product privilege "functions not merely and (perhaps) not mainly to assist the client in obtaining complete legal advice but in addition to establish a protected area in which the lawyer can prepare his case free from adversarial scrutiny." *In re Special September 1978 Grand Jury (II),* 640 F.2d 49, 62 (7th Cir.1980). "Because the work product privilege protects not just the attorney-client relationship but the interests of attorneys to their own work product," both the attorney and the client hold the privilege. *United States v. Under Seal ( In re Grand Jury Proceedings # 5),* 401 F.3d 247, 250 (4th Cir.2005) (citation omitted).

"The work product privilege protects the attorney's thought processes and legal recommendations." *Genentech, Inc. v. U.S. Intern. Trade Com'n*, 122 F.3d 1409, 1415 (Fed. Cir. 1997)(internal quotation marks and citation omitted).   As the Eighth Circuit noted in *Gundacker v. Unisys Corp.*, 151 F.3d 842 (8th Cir. 1998):

> The work product privilege operates to ensure that an opponent cannot secure materials that an adversary has prepared in anticipation of litigation. *Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997) (citation omitted). The doctrine allows for discovery of ordinary work product when there is a demonstrated substantial need and an inability to otherwise procure the relevant material without undue hardship. *See id*. (citations omitted).  In rare circumstances, a party opponent is permitted to discover opinion work product.

*Gundacker*, 151 F.3d at 848.  *See also Pittman v. Frazer*, 129 F.3d 983, 988 (8th Cir. 1997)(ordinary work product described as consisting of such things as photographs and raw information and opinion work product described as containing mental impressions, conclusions, opinions, or legal theories regarding the litigation).

3

"The work product doctrine is to be applied in a commonsense manner in light of reason and experience as determined on a case-by-case basis." *Pittman*, 129 F.3d at 988.

> In order to come within the qualified immunity from discovery created by Rule 26(b)(3) three tests must be satisfied. The material must be: 1. "documents and tangible things;" 2. "prepared in anticipation of litigation or for trial;" and 3. "by or for another party or by or for that other party's representative."

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8 Fed. Prac. & Proc. Civ.2d § 2024, http://www.westlaw.com. *See United States v. Nobles*, 422 U.S. 225, 238-39, 95 S. Ct. 2160, 2170, 45 L. Ed. 2d 141 (1975)(attorneys often rely on investigators and work product doctrine applies to materials prepared by such agents).

With respect to whether the document has been prepared in anticipation of litigation, it has been said that the proper test is whether the "document can fairly be said to have been prepared or obtained because of the prospect of litigation." 8 Fed. Prac. & Proc. Civ.2d § 2024. However, "there is no work-product immunity for documents prepared in the regular course of business rather than for purposes of the litigation." *Id.*

The Supreme Court has commented that "the Rule protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." *Federal Trade Commission v. Grolier, Inc.*, 462 U.S. 19, 26, 103 S. Ct. 2209, 2213, 76 L. Ed. 2d 387 (1983). The Eighth Circuit has adopted this broad view; thus, the privilege extends to all subsequent litigation whether related or not. *See In re Murphy*, 560 F.2d 326 at 334-35.

Our discussion of the documents being reviewed *in camera* is of necessity limited. As other courts have noted, "[w]e cannot reveal too much of the contents of the documents for fear of undermining the very purposes of such review. . . . The disadvantage is one we must accept;

4

otherwise, the very purpose of the privilege will be destroyed." *In re Ford Motor Co.*, 110 F.3d 954, 966 n.11 (3d Cir. 1997).

(Tab 1): MILES PRV 001: This document is a memo prepared by Mr. Gean and placed in the working file. This memo contains information regarding an interview with Terry Srsen in preparation of litigation. "Notes and memoranda of an attorney, or an attorney's agent, from a witness interview are opinion work product and entitled to almost absolute immunity." *Baker v. General Motors Corp.*, 209 F.3d 1051, 1054 (8th Cir. 2000) (citations omitted). We find this document is protected from production because it is an attorney opinion work product. Further, discovery of a witness statement to an attorney is generally not discoverable if the witness is available to the other party.

(Tab 2): MILES PRV 002: This document is a memo prepared by Mr. Gean and placed in the working file. This memo contains information regarding an interview with Robert DeMoss in preparation of litigation. We find this document is protected from production because it is an attorney opinion work product.

(Tab 3): MILES PRV 003: This document is a memo prepared by Mr. Gean and placed in the working file. This memo contains information regarding an interview with Jana Wegner in preparation of litigation. We find this document is protected from production because it is an attorney opinion work product.

(Tab 4): MILES PRV 004-005: This document is a memo prepared by Mr. Gean and placed in the working file. This memo contains information regarding an interview with Cathy Davis in preparation of litigation. We find this document is protected from production because it is an attorney opinion work product.

5

**(Tab 5): MILES PRV 0006:** This document is a memo prepared by Mr. Gean and placed in the working file.  This memo contains information regarding an interview with Cynthia Klipfel in preparation of litigation. We find this document is protected from production because it is an attorney opinion work product.

**(Tab 6): MILES PRV 007:** This document is a memo prepared by Mr. Gean and placed in the working file.  This memo contains information regarding a second interview with Mr. Demoss in preparation of litigation. We find this document is protected from production because it is an attorney opinion work product.

**(Tab 7): MILES PRV 008:** This document is a memo prepared by Mr. Gean following a conversation with Mr. David Blackorby, Assistant U.S. Attorney.  This memo detailed Mr. Gean's conversation with another attorney concerning an internal investigation pertaining to this litigation. We find this document is protected from production because it is an attorney opinion work product.

**(Tab 8): MILES PRV 009:** This document is a memo prepared by Mr. Gean and placed in the working file. This memo contains information regarding an interview with Aaron Campbell in preparation of litigation. We find this document is protected from production because it is an attorney opinion work product.

**(Tab 9): MILES PRV 0010-0011:** This document is a memo prepared by Mr. Gean and placed in the working file.  This memo contains information regarding an interview with Rita Miles in preparation of litigation. We find this document is protected from production because it is an attorney opinion work product.

6

**(Tab 10): MILES PRV 0012-0020):** This document contains Mr. Gean's handwritten notes of interviews of people listed in Tab #'s 1-9. We find this document is protected from production because it is an attorney opinion work product.

**(Tab 11): MILES PRV 0021-0022:** This document contains email transmissions starting with the May 24, 2005, email from Mr. Demoss to Dept 9646 concerning a subpoena. There is a string of six emails five of which plaintiff is a party.

Following the direction of Federal Rule of Civil Procedure 26(b)(3), this court, in an Order dated June 26, 2007, ordered the defendant to forward plaintiff any documents listed on the privilege log which were sent to or authored by plaintiff. (Doc. 27, p. 3). *See also Reed v. Cedar County*, 2006 WL 2246414 (N.D. Iowa 2006)(party was given taped conversation of which he was a part). Accordingly, the first five emails of this document are not protected under either the attorney-client privilege or the work-product doctrine.

The sixth and final email was not sent to or written by plaintiff; however, it does not appear to contain any information that would be privileged. Defendant appears to have the impression that any document authored by, or sent to, an attorney is protected by the attorney-client privilege. The privilege is not so broad. *See e.g., Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550-51 (10th Cir. 1995)("[T]he mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege."). Instead, the privilege protects confidential communications made by a client to his attorney acting as a legal adviser. The email contains no confidential information, seeks no legal advice, and discloses no confidential communications between defendant and its counsel. Defendant is directed to produce this document.

7

**(Tab 13): MILES PRV 0023:** This document consists of an email sent by Mr. DeMoss to both in-house and outside counsel and the email response from Mr. Brian Duffy, an attorney, who copied a Mr. Jeff McGinnis. This email pertains to the placement of documents. *In Re Case Corp.* 1999 WL 1114209 *1 (8th Cir. 1999) (letters reporting factual matters and observations and opinions of employees not privileged merely because an attorney is involved). This document does not include any legal advice or confidential information and defendant is directed to produce this document.

**(Tab 14): MILES PRV 0024:** This document contains an email dated February 23, 2006, written by Mr. Garth Gneiting to Rita Miles. There are also two emails, written by plaintiff, consisting of a response to Mr. Gneiting and a question to Ms. Ann Henderson. Ms. Henderson forwarded plaintiff's question to Vicky Dodson, Mr. Gean and copied Sue Oliver. The remaining emails pertain to counsel's discussion on how to proceed. Defendant should produce the emails to which plaintiff was a party. The remaining emails appear to be giving legal advice and confidential communications and are protected from disclosure.

**(Tab 15): MILES PRV 0027-0028:** This document contains the emails included in Tab 14 up through an email sent by Mr. Spivey. Again, the defendant should produce the emails to which plaintiff was a party. The remaining emails contain requests for legal advice and confidential communications and are protected from disclosure.

**(Tab 16): MILES PRV 0029:** This document contains an email transmission from P.K. Holmes to Mr. Gean. This email details a conversation Mr. Holmes had with Mr. Blackorby. The email contains confidential communications and is protected from disclosure.

AO72A
(Rev. 8/82)

**(Tab 17):MILES PRV 0030-0032:** This document contains an email transmission from Deann Davis to Mr. Gean. The email only contains an attachment of the memo prepared by Mr. Gean following interview with Ms. Miles and is the same memo that is found in Tab 9. We find this document is protected from disclosure.

**(Tab 18): MILES PRV 0033-0037:** This document contains an email transmission from Ms. Davis to Tom Gean. The email only contains attachments of memos prepared by Mr. Gean following his interviews with Ms. Klipfel and Ms. Davis. These are the same memos found in Tab's 4 and 5. We find this document is protected from disclosure.

**(Tab 19): MILES PRV 0038-0042:** This document contains an email transmission from Ms. Davis to Tom Gean. The email only contains attachments of memos prepared by Mr. Gean following his interviews with Terry Srsen, Mr. Campbell, Mr. DeMoss and Ms. Wegner.  These are the same memos found in Tab's 1, 2, 3 and 8. We find this document is protected from production because it is an attorney opinion work product.

**(Tab 20): MILES PRV 0043-0056:** This document contains an email transmission from Ms. Davis to Tom Gean. This email contains attachments of memos prepared by Mr. Gean regarding interviews he had with employees.  These are the same memos that can be found in Tab's 7, 6, 8, 2, 4, 5, 3, 9 and 1. There is also a memo regarding Mr. Gean's findings regarding an internal investigation concerning the subpoena and the company's action with regard to the scanning of information. The information contained in the above referenced memos contain Mr. Gean's thoughts and findings and are protected from production because they are considered attorney opinion work product.

9

**(Tab 21): MILES PRV 0057-0056:** This document contains a memo prepared by Mr. Gean detailing Mr. Gean's findings regarding an internal investigation concerning the subpoena and the company's action with regard to the scanning of information and findings. The information contained in the above referenced memos contain Mr. Gean's thoughts and findings and are protected from production because they are considered attorney work product.

**(Tab 22): MILES PRV 0059**: This document contains an email from Mr. Anthony Wind to Mr. Campbell and ISD Imaging regarding the need for a docbase and whether was okay to shutdown the docbase due to lack of use. There is also an email response from Mr. Campbell to Mr. Wind, copied to the ISD Imaging Team, Nichole Bray, Mr. Gneiting, Stephanie Boaz and Mr. DeMoss, stating the need for the docbase and why it had not been used. Defendant indicates this document is privileged because it reflects the legal advice of counsel. This is not a confidential communication between attorney and client and the communication was not made for the purpose of obtaining legal advice. Rather, Mr. Wind was seeking permission, from a business standpoint, to obtain permission to remove a docbase that was not being used. This document is not protected from production.

**(Tab 23): MILES PRV 0060-0061:** This document contains an email from Naomi Beers, an attorney, to several people including plaintiff regarding the subpoena and need for an interview with each email recipient. An email response with contact information from Mr. DeMoss is also included. Defendant should produce to plaintiff the email to which plaintiff was a party. We further find that the email response from Mr. DeMoss contains no privileged information and is not protected.

AO72A
(Rev. 8/82)

**(Tab 24): MILES PRV 0062:** This document contains the email sent by Mr. DeMoss to other defense counsel regarding the placement of documents and is identical to the email found in Tab 13. Defendant indicates this document is privileged because the email seeks legal advice. This document does not include any legal advice or confidential information and defendant is directed to produce this document.

**(Tab 25): MILES PRV 0063-0064:** This document contains the same emails as identified in Tab 22. It also includes a new email from Ms. Boaz to Ms. Wegner, copied to Richard Jones, indicating Mr. Campbell had responded to Mr. Wind. We do not think that this contains any confidential information or legal advice. The email simply states the facts as to why the docbase has not been utilized for a period of time. Defendant is directed to produce this document.

**(Tab 26): MILES PRV 0065-0066:** This document contains the email transmissions starting with the May 24, 2005, email from Mr. Demoss and includes all emails found in Tab 11. With the exception of the June 2, 2005, email from Mr. Campbell to Mr. Gean, plaintiff is a party to the emails. Defendant should produce to plaintiff any emails to which plaintiff was a party. Further, the June 2, 2005, email does not contain any privileged information and is not protected.

**(Tab 27): MILES PRV 0067-0068:** This document contains a total of four emails between in-house and outside counsel regarding legal steps that need to be taken to deal with the subpoena and the legal strategy involved. The fourth email dated May 16, 2005, from Ms. Beer indicates her availability for a meeting. The information contained in the first three emails

11

contains confidential information and are protected from disclosure. The fourth email from Ms. Beer does not contain confidential information and is not protected.

**(Tab 28): MILES PRV 0069-0087:** This document contains documents identical to those found in Tab's 21, 1-6, 27 (twice once from assistant email account), 16, 7). Pages 0085-0087 of this document contain emails that were also sent to plaintiff. As indicated above documents in this section are identical to Tab 1-7, 17, 21, and 27 are protected, with the exception of the email dated May 16, 2005, from Ms. Beer indicating her availability for a meeting. Defendant should produce to plaintiff the emails found on pages 0085-0087 as she was a party to these communications.

**(Tab 33): MILES PRV 0089** [0090 intentionally left blank]: This document consists of emails between Mr. Gean and Mr. Holmes regarding a conversation with Mr. Blackorby. This information is identical to the information found in Tab 28 MILES PRV 081 and Tab 16. The emails reveal the substance of confidential communications with counsel dealing with advice and legal strategy and are protected from disclosure.

**(Tab 36): MILES PRV 0091:** This document contains an email transmission from Thomas Mars, an attorney, to Mr. Gean discussing potential jobs for Rita Miles. This document does not seek legal advice, it contains no confidential information, and the disclosure of the document will not reveal any confidential attorney-client communications.

**(Tab 37): MILES PRV 0092-0107:** This document contains an email from Dana Fuller, from the People Manager division, to Sheila Brooks and includes a memo, authored by Ms. Fuller, summarizing her investigation. We agree with defendant that this document is privileged and is protected from disclosure. *See United States v. Nobles*, 422 U.S. 225, 238-39, 95 S. Ct.

12

2160, 2170, 45 L. Ed. 2d 141 (1975)(attorneys often rely on investigators and work product doctrine applies to materials prepared by such agents).

**(Tab 38): MILES PRV 0108:** This document contains an email from Mr. Gean to Fred Ley, Sharon Orlop and Sue Oliver. Mr. Gean appears to be discussing the status of plaintiff's position and answering questions. This document does not contain any confidential information and is not protected from disclosure.

**(Tab 39): MILES PRV 0109:** This document contains an email from Ms. Henderson to Mr. Gean with questions from plaintiff about potential positions for plaintiff. Mr. Gean's response to Ms. Henderson is included. This document does not include confidential information or contain legal advice and is not protected from disclosure.

**(Tab 40): MILES PRV 0110:** This document contains the information found in Tab 38. An email response from Terry Srsen is also included. This document does not include confidential information and is not protected from disclosure.

**(Tab 48): MILES PRV 0111-0125**: This document contains Ms. Fuller's memo found in Tab 37. This document contains confidential information and is protected from disclosure.

**Conclusion:**

A separate order in accordance with this opinion will be concurrently entered.

DATED this <u>16th</u> day of August 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

13